## JOHN MOSES *v.* THE STATE.

CRIMINAL LAW. *Copy of indictment. Prisoner entitled to. In all cases. Not restricted to capital cases.* Prisoners in actual confinement are entitled to a copy of the indictment in all criminal prosecutions. This right is not restricted, as would be inferred from sec. 5209 of the Code, to capital offenses. The prisoner can waive the right, and if he does not demand it such waiver will be implied.

Case cited: Nokes *v.* The State, 6 Col., 297.

Code cited: Sec. 5209.

### FROM HAYWOOD.

Appeal from the Circuit Court. G. B. BLACK, Judge.

A. D. BRIGHT for Moses.

ATTORNEY-GENERAL HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

The prisoner appeals in error from a conviction of mayhem. The indictment was found against him on the 9th of March, 1877, and he was put upon his trial on the 13th of March, 1877, and was in jail from the period of his arrest until the termination of his trial, except during the progress thereof, when he was in the custody of the sheriff.

Before his trial was commenced he demanded a copy of the indictment against him, which was refused. This was error. "In all criminal prosecutions the accused hath the right to demand the nature and cause of the accusation against him, and to have a copy thereof. Con. Tenn., art. 1, sec. 9. To give effect to this provision of the organic law the statute provides, that "every person indicted for a capital offense, if he is in actual confinement, is entitled to a copy of the indictment at least two entire days before trial. Code of Tenn., sec. 5209. In the opinion of the court there is no authority for the restriction of this constitutional right to caapital cases. It applies alike to all criminal prosecutions. The prisoner has a right to waive the right, and if he does not demand it, such waiver will be implied. But when demanded it is error to refuse it. *Nokes* v. *The State,* 6 Col., 297.

Let the judgment be reversed.